UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 13-cr-20621

v.                                   Honorable Thomas L. Ludington

CARTER WHITE RAE,

        Defendant.

_____/

**ORDER GRANTING MOTION TO STRIKE**

On September 19, 2014, Defendant Carter Rae personally filed what he titled an "affidavit" on the docket in the above-captioned case. ECF No. 38. The document appears to be a letter, composed by Rae, to the Internal Revenue Service, requesting clarification regarding what provisions of the tax code apply to him. *Id*. Rae's reasons for filing the document on the Court's docket were not disclosed in the filing.

On October 6, 2014, the government filed a motion to strike this document. ECF No. 40. In their motion the government alleges that the personal filing of this affidavit by Rae violates the prohibition on hybrid representation. *Id*. The Assistant United States Attorney in this matter sought concurrence of defense counsel but he "was unable to take a position on the motion." *Id*.

"It is well settled that there is no constitutional right to hybrid representation." *United States v. Lowdermilk*, 425 F. App'x 500, 504 (6th Cir. 2011) (quoting *United States v. Cromer*, 389 F.3d 662, 681 n. 12 (6th Cir.2004)) (internal quotation marks omitted). Absent any proof that Mr. Minock, Rae's counsel in this matter, is not able and competent to represent him, pro se appearances will not be entertained. *See Lowdermilk*, 425 F. App'x at 504 (finding no abuse of

- 2 -

discretion in denying hybrid representation where defendant's lawyer was "competent and capable.") Generally, litigants must choose between proceeding pro se and proceeding with counsel. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970). The choice of one means of representation precludes reliance on the other. *Id*. Permitting deviation from this rule "is a matter committed to the sound discretion of the trial court." *Id*. Rae has presented no proof that his defense will be compromised if he is not allowed to proceed *pro se*, or that his counsel is deficient in representing him. His affidavit will be stricken.

Accordingly, it is **ORDERED** that the government's motion to strike (ECF No. 40) is **GRANTED**.

It is further **ORDERED** that Defendant Carter Rae's Affidavit (ECF No. 38) is **STRICKEN**.

Dated: October 15, 2014

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 15, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS