**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

CARTER WHITE RAE,

          Petitioner,

                                          Case No.: 13-cr-20621

v.

                                          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

          Respondent.

                                        /

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE SUPPORTING MEMORANDUM AND REFERRING MOTION TO MAGISTRATE JUDGE PATRICIA MORRIS**

On April 14, 2015, Petitioner Carter Rae was sentenced to 45 months of imprisonment after being found guilty of attempting to evade or defeat taxes, mail fraud, and falsifying, concealing, or covering up material facts from the Government. ECF No. 69, 70. Rae appealed, and the Sixth Circuit affirmed his conviction. ECF Nos. 71, 87. Now, Rae has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and a motion for an extension of time to file a legal memorandum in further support of that § 2255 motion. ECF Nos. 92, 93.

The Supreme Court denied Rae's petition for a writ of certiorari on October 3, 2016. Thus, the one-year time period for filing a § 2255 motion ran from that date and closed on October 3, 2017. *See* § 2255(f). Rae's § 2255 motion was filed prior to that deadline and is thus timely. In his motion for an extension, however, Rae explains that the § 2255 motion is incomplete. Specifically, he asserts that he filed a standardized § 2255 form prior to the deadline in order that the Court might have jurisdiction to consider his request for an extension of time to submit the supplementary memorandum in support of the request for § 2255 relief. And Rae is correct that, prior to the filing of a § 2255 motion, this Court has no jurisdiction to consider whether equitable tolling is

warranted. *See United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) ("No doubt, federal courts may permit equitable tolling of the § 2255 statute of limitations. But that grace period applies only to an actually filed § 2255 action. It does not permit pre-approval of such tolling based on a "hypothetical state of facts." [*Chafin v. Chafin*], 133 S.Ct. [1017,] 1023 [2013].") (internal citations omitted).

But, even once a § 2255 action has been filed, the Petitioner must set forth facts explaining why equitable tolling is necessary. The following factors are considered in determining whether to equitably toll the § 2255 filing deadline: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Johnson v. United States*, 457 F. App'x 462, 470 (6th Cir. 2012) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001)). Here, Rae has provided no explanation for why he could not complete the § 2255 motion within the one-year filing period. The motion itself indicates that he had notice of the filing requirement, and he has provided no evidence that, given due diligence, he could not have completed the motion before the deadline. Thus, on the facts currently before the Court, equitable tolling is not merited.

However, Petitioner has filed a § 2255 motion (albeit advancing only a cursory argument for relief). Because that motion was timely, it is ripe for consideration and will be referred to Magistrate Judge Patricia T. Morris for review. Rae's motion for an extension indicates that he wishes to expand on the arguments made in his § 2255 motion via a supplemental memorandum. Construing Rae's arguments liberally, he is essentially indicating intent to amend his § 2255 motion. *See Clark v. United States*, 764 F.3d 653, 660 (6th Cir. 2014) (explaining that motions to

amend a § 2255 motion filed before the underlying § 2255 is adjudicated are not barred by the prohibition on second or successive § 2255 motions). If Rae wishes to file a supplement to his § 2255 motion, he should seek leave to amend his § 2255 motion.

Accordingly, it is **ORDERED** that Petitioner Rae's motion for an extension of time, ECF No. 92, is **DENIED.**

It is further **ORDERED** that Petitioner Rae's motion to vacate sentence, ECF No. 93, is **REFERRED** to Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B).

Dated: October 11, 2017　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 11, 2017.

　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　KELLY WINSLOW, Case Manager