# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

CARTER WHITE RAE,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

CRIMINAL CASE NO. 13-CR-20621
CIVIL CASE NO. 17-CV-13226

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

_____/

## MAGISTRATE JUDGE'S RECONSIDERED REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(Doc. 93)

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's Motion (Doc. 93) be **DENIED**; and that the civil case be **DISMISSED**.

**II.    REPORT**

    **A.    Introduction**

On September 26, 2013, Petitioner was indicted on the following three counts: (1) attempt to evade and defeat the payment of income taxes due and owing by him in violation of 26 U.S.C. §7201; (2) scheme and artifice to defraud and deprive the United States and the State of Michigan of payment of his income tax obligations through use of the mail in violation of 18 U.S.C. §1341; and (3) knowing and wilful false statements made to the Internal Revenue Service by falsely characterizing regular payments to his wife as payroll when his wife was not working for Defendant's dental practice in violation of 18 U.S.C. §1001. On April 4, 2014, defense counsel filed a motion for good faith jury instruction (Doc. 29) and a motion to dismiss

Counts 1 and 2 because the tax code does not impose upon him a duty to pay since he is not a "person."(Doc. 30.) The court denied the motions. (Doc. 41.) A renewed motion for good faith instruction (Doc. 45) and a motion to dismiss Count 2 (mail fraud) based on the "fatal defect" in failing to "charge that the returns themselves were false and fraudulent" (Doc. 46) were filed by defense counsel on November 2, 2014. A hearing was held on August 21, 2014, and the motions were taken under advisement. After trial, on November 13, 2014, these two motions were denied. (Doc. 53.)

A jury trial was held from November 4, 2014 through November 7, 2014, and Petitioner was convicted on all three Counts. (Doc. 47.) Defense counsel filed a sentencing memorandum (Doc. 63) and Petitioner was sentenced on April 14, 2015, to 45 months on each of the three counts, to be served concurrently. (Doc. 70.) Petitioner appealed his conviction and sentence, arguing that the court should have provided a separate good faith jury instruction and that the district court erred in applying a two-point enhancement for using a sophisticated means to hide his tax evasive conduct. On April 12, 2016, the Sixth Circuit Court of Appeals disagreed and affirmed his conviction and sentence. (Doc. 87.) A mandate issued on May 10, 2016. (Doc. 88.) Petitioner sought a writ of certiorari before the United States Supreme Court but on October 7, 2016, the petition for writ of certiorari was denied. (Doc. 90.)

On September 28, 2017, Petitioner filed the instant motion to vacate sentence. (Doc. 93.) Although Petitioner was denied the ability to file a memorandum to supplement his motion to vacate (Doc. 96 at ID 1040,) he nonetheless filed such a memorandum on October 23, 2017. (Doc. 99.) The government responded to the motion to vacate on November 1, 2017. (Doc. 100.) This motion was referred to the undersigned (Doc. 96) and is ready for resolution.

### B. Analysis and Conclusion

#### 1. 2255 and ineffective assistance of counsel standards

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the

3

proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

2. **Application and analysis**

Petitioner argues that counsel was ineffective for failing to "object to, and, or, move [the court] for dismissal of Count One of the indictment based upon its failure to identify/charge precise affirmative acts, and or elements constituting tax evasion..." (Doc. 93 at ID 1024.) Petitioner's memorandum cites case law delineating the elements of the crime charged in Count One and he further argues that the affirmative act element was not met. (Doc. 99.) Respondent contends that allegations in the indictment were sufficient and were supplemented by a bill of particulars detailing the applicable tax calculations. (Doc. 100 at ID 1058-59.) In addition, Respondent argues that the trial court properly instructed the jury on the elements of Count One, including the need for an affirmative act of evasion done willingly, and that all elements were sufficiently proven at trial. (Doc. 100 at ID 1059-61.)

Count One of the indictment charged:

From at least 2001 through 2011, in the Eastern District of Michigan, Northern Division, Carter White Rae, defendant herein, did willfully attempt to evade and defeat the payment of the income taxes due and owing by him to the United States in that, having endorsed and filed annual federal income tax returns reflecting self-assessed taxes owed by him for each year, Carter White Rae refused to pay his taxes to the United States and otherwise sought to avoid payment of his federal income tax obligations by various means, including operating his dental practice using the name and Employer Identification Number, or EIN, of the former owner of that dental practice; opening and maintaining a business bank account for the dental practice using the name and EIN of the former owner of the dental practice; closing his personal bank account; using the business bank account, cash and money orders to pay his personal expenses; characterizing regular payments made to his wife as 'payroll' while his wife lived in another state and performed little to no work for Rae's dental practice; arranging for dental insurance payments to be diverted to third parties to defeat an Internal Revenue Service levy against those insurance payments; refusing to comply with a court order enforcing an IRS summons, and attempting to relieve himself of his tax obligations by filing bankruptcy, all in violation of 26 U.S.C. §7201.

(Doc. 3 at ID 4-5.)

"The government must prove three elements to support a conviction for tax evasion: (1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act constituting an evasion or attempted evasion." *United States v. Daniels*, 699 F. App'x 469, 472 (6th Cir. 2017), citing *United States v. Gross*, 626 F.3d 289, 293 (6th Cir. 2010). Petitioner does not appear to allege that counsel was ineffective for failing to challenge the tax deficiency element. Instead, his displeasure with counsel focuses on the affirmative act element.

"[T]he Supreme Court has held that the type of affirmative act that may constitute evasion is broad and [the Court] has declined to define or limit it." *Daniels*, 699 F. App'x at 473, citing *Spies v. United States*, 317 U.S. 492, 499 (1943). "In *Spies*, the Court provided a non-exhaustive list of qualifying affirmative acts, such as keeping a double set of books, creating false documents, destroying books or other records, concealing assets, covering up sources of income, conducting business in a manner that avoids typical recordkeeping, and other conduct that is likely to mislead or conceal" *Id*. The affirmative act may also serve another purpose besides tax evasion and still constitute an affirmative act for purposes of the statute. *Id*.

In the instant case, the indictment charged that Petitioner committed the following affirmative acts: (1) operating his dental practice using the name and Employer Identification Number, or EIN, of the former owner of that dental practice; (2) opening and maintaining a business bank account for the dental practice using the name and EIN of the former owner of the dental practice; closing his personal bank account; (3) using the business bank account, cash and money orders to pay his personal expenses; (4) characterizing regular payments made

to his wife as "payroll" while his wife lived in another state and performed little to no work for Rae's dental practice; (5) arranging for dental insurance payments to be diverted to third parties to defeat an Internal Revenue Service levy against those insurance payments; and (6) refusing to comply with a court order enforcing an IRS summons, and attempting to relieve himself of his tax obligations by filing bankruptcy.

In order to satisfy the element, Respondent needed to allege in the indictment, and prove at trial, one affirmative act. Thus, if any of the above charged acts constitute an affirmative act, counsel could not have been ineffective for failing to object to the adequacy of the indictment or sufficiency of the evidence. I suggest that each of the affirmative acts charged in the indictment are sufficient to be considered an affirmative act constituting tax evasion or attempted tax evasion because each of the asserted acts could serve a purpose of tax evasion. *United States v. Threadgill*, 572 F. App'x 372, (6th Cir. 2014) (affirmative acts included paying personal expenses out of corporate bank account and defendant paying himself management fees out of the firm's bank account to avoid paying withholding taxes); *United States v. Rozin*, 664 F.3d 1052, (6th Cir. 2012) (backdating insurance policies was an affirmative act because it served no legitimate business purpose and would appear that defendant received no economic benefit for that period of time); *United States v. Ogbazion*, No. 3:15-cr-104, 2016 WL 6070365, at *7 (S.D. Ohio 2016) (indictment charged sufficient affirmative acts, i.e., "making false and misleading statements regarding bank accounts he controlled, interests held, and sources of income, as well as actively concealing his income, assets, and substantial available funds.").

I therefore conclude that counsel's performance in failing to challenge the charges or sufficiency of the evidence with respect to Count One did not fall below an objective standard of reasonableness nor was Petitioner prejudiced in any way by any failure to put forth such challenges.

Accordingly, I recommend that Petitioner's motion to vacate (Doc. 93) be **DENIED**.

III. <u>REVIEW</u>

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P.

72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 29, 2017         S/ PATRICIA T. MORRIS
                                 Patricia T. Morris
                                 United States Magistrate Judge


## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Carter White Rae #49106-039 at Elkton Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 10, Lisbon, OH 44432.

Date: November 29, 2017          By s/Kristen Castaneda
                                 Case Manager