UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARTER WHITE RAE,

        Petitioner,                          Case No. 13-cr-20621

v.                                             Honorable Thomas L. Ludington
                                                     Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

On November 7, 2014, Petitioner Carter White Rae was found guilty of willfully attempting to evade income taxes, knowingly using the mail to defraud the United States and State of Michigan of income taxes, and concealing a material fact in a matter within the jurisdiction of the United States government. ECF No. 47. He was sentenced to 45 months of incarceration. ECF No. 70. Rae appealed his sentence, ECF No. 71, and the Sixth Circuit affirmed, ECF No. 87. Rae's petition for a writ of certiorari to the United States Supreme Court was denied on October 7, 2016. ECF No. 90. On September 28, 2017, Rae filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 93. That motion was referred to Magistrate Judge Patricia T. Morris. ECF No. 96.

On November 29, 2017, Judge Morris issued a report recommending that Rae's motion be denied. Judge Morris analyzed Rae's claim that his trial counsel was ineffective because he did not seek dismissal of Count One of the indictment (tax evasion). She concluded that the indictment alleged six different affirmative acts which were each sufficient to constitute an affirmative act in furtherance of tax evasion. Because there were multiple charged bases by which the Government alleged that Rae had committed affirmative acts in furtherance of tax evasion, Rae's trial counsel

was not ineffective for failing to seek dismissal on that basis. Similarly, because the Government submitted sufficient evidence at trial for a reasonable jury to conclude that Rae committed an affirmative act of tax evasion, his counsel was not ineffective for failing to seek dismissal for insufficiency of the evidence.

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Petitioner nor Respondent filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Before the petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 101, is **ADOPTED**.

It is further **ORDERED** that Petitioner Rae's motion to vacate, ECF Nos. 93, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: January 3, 2018　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 3, 2018.

　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　KELLY WINSLOW, Case Manager